**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 06-8079

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

LEONEL ROMEO CAZACO, a/k/a Jimmy Fingers,
a/k/a Frank Nisbett, a/k/a James Romeo Nelson,
a/k/a Phil, a/k/a Pod Supervisor Scott,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, District
Judge.  (3:96-cr-0066-REP; 3:06-cv-00729-REP)

_____

Submitted:  June 21, 2007          Decided:  June 26, 2007

_____

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Leonel Romeo Cazaco, Appellant Pro Se. Stephen Wiley Miller, David
John Novak, OFFICE OF THE UNITED STATES ATTORNEY, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonel Romeo Cazaco seeks to appeal the district court's orders treating his Fed. R. Civ. P. 60(b) motions as successive 28 U.S.C. § 2255 (2000) motions, and dismissing them on that basis. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Cazaco has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Cazaco's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims

based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense. 28 U.S.C. §§ 2244(b)(2), 2255 (2000). Cazaco's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

- 3 -